United States Court of Appeals
Fifth Circuit

**F I L E D**

April 11, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-50959
Conference Calendar

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JOSE HUMBERTO RAMIREZ-ROSAS, also known as Jose Humberto,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:05-CR-37-ALL
--------------------

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Jose Humberto Ramirez-Rosas pleaded guilty to illegal reentry after deportation and was sentenced to 70 months of imprisonment, three years of supervised release, and a $100 special assessment. Ramirez-Rosas argues on appeal that his sentence was unreasonable because his sentence was greater than necessary to meet the sentencing goals under 18 U.S.C. § 3553(a). He does not challenge the district court's calculation of his guidelines sentencing range.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Ramirez-Rosas's sentence was within a properly calculated guidelines range of 70 to 87 months, we infer that the district court considered all the factors for a fair sentence set forth in the Guidelines. See United States v. Mares, 402 F.3d 511, 519 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). "[A] sentence within a properly calculated Guideline range is presumptively reasonable." United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). Ramirez-Rosas has failed to demonstrate that his properly calculated guidelines sentence was unreasonable. See id.; Mares, 402 F.3d at 519.

Ramirez-Rosas also argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). His constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Ramirez-Rosas contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Ramirez-Rosas properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.